No. 12630

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

THOMAS SNYDER,

                    Petitioner and Appellant,

    -vs-

JAMES McKINLEY, HOWARD HAMMER and
ED SPANNUTH, as Commissioners of
Ravalli County, Montana,

                    Respondents and Respondents.

---

Appeal from: District Court of the Fourth Judicial District,
             Honorable Edward Dussault, Judge presiding.

Counsel of Record:

    For Appellant:

        Tipp and Hoven, Missoula, Montana
        Vernon Hoven argued, Missoula, Montana

    For Respondents:

        Murray and Holt, Missoula, Montana
        Douglas G. Harkin argued, Hamilton, Montana

---

                            Submitted:  February 27, 1974

                              Decided:MAY 6  1974

Filed:MAY 6  1974

*Thomas J. Kearney*
                            Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by petitioner from an order of the district court of the fourth judicial district of the State of Montana, in and for the County of Ravalli, dismissing a peremptory writ of mandate which ordered the Board of County Commissioners to hold an election. The described area was owned by a non-resident Utah corporation. There were no individual freeholders in the entire area, even though as appears hereinafter there were residents and electors.

The matter was originally presented to the district court on an agreed statement of facts which noted, among other things, that 51 qualified electors and residents of Pinedale community signed a petition, directed to the county commissioners, respondents, and hereinafter referred to as the Board, requesting them to hold an election for the purpose of incorporating a city or town. The petition was submitted to the Board on May 23, 1972. Three months later on September 1, 1972, the Board denied the petition. On September 8, 1972, petitioner and appellant, Tom Snyder, filed an application for a writ of mandate to compel the Board to call an election pursuant to section 11-203, R.C.M. 1947, and thereafter the Court issued an alternative writ for the Board to show cause why a permanent writ should not issue; by stipulation of counsel the matter was continued until the above mentioned agreed statement of facts was filed at which time the trial judge Emmet Glore took the matter under advisement and gave counsel time to submit briefs.

On December 29, 1972, Judge Glore issued an order granting the writ of mandate but said order was not filed in the office of the clerk of court of Ravalli County until January 4, 1973, some four days after Judge Glore lost jurisdiction due to his retirement on December 31, 1972.

After studying several decisions of this Court, counsel for both sides agreed that Judge Glore's order was void, and Judge Dussault, who succeeded Judge Glore, assumed jurisdiction. On February 13, 1973, Judge Dussault, having had the cause submitted to him, ordered an election, but this order was stayed on April 6, when special counsel requested time to submit briefs. On April 13, 1974, Judge Dussault set aside his order of February 13 and directed that certain things be done prior to his hearing the matter again, one of which would have allowed petitioner to submit a new petition to respondent Board. The petitioner refused to submit a new petition so the respondent Board, following Judge Dussault's order, provided a new census which required more information than the previous census, and the inhabitants of the area refused to answer all but four of said questions alleging that this was an interference with their personal liberties.

In the meantime, and unknown to any of counsel, the district judge, or the parties, the Legislature had passed certain amendments to section 11-203, R.C.M. 1947. These amendments, interestingly, were contained in two separate acts, Chapter 86, Laws of 1973 and Chapter 515, Laws of 1973. Neither amendatory enactment mentioned or incorporated the changes made by the

other. The amendatory enactments did not conflict. Chapter 515 was made effective on passage and approval. It was signed by the Governor on April 4, 1973. Thus, as Judge Dussault assumed jurisdiction he was totally unaware of the new provisions. He did not become aware of them until August 20, 1973. More will be said about these enactments hereinafter.

On June 21, 1973, after hearing arguments on certain motions the court directed respondent Board to hold an election pursuant to section 11-204, R.C.M. 1947. A writ of mandate was served on the Board on July 13, 1973, with the return being dated July 17, 1973. Some eleven days later on July 26, 1973, the Board filed motions for (1) extension of time to file notice of appeal, (2) request to reopen hearings for additional testimony, (3) and for permission to present additional testimony. The court granted the Board's request to extend time for notice of appeal on August 10, 1973, which was followed by petitioner's motion to quash the order extending time, dated August 17, 1973. On August 24, 1973, the court denied petitioner's motion to quash and the Board's motion to hear additional evidence. Then on September 12, 1973, the Board filed a motion to dismiss the writ of mandate and the court on September 18, 1973, ruled that the order of July 13, 1973, directing that an election be held, was dismissed and this appeal results.

Counsel for the petitioner, reviewing the history of the litigation, refers to it as either a comedy of errors or viewed

in the eyes of the appellant, a tragedy of errors for on three separate occasions the question involved was determined by the court only to be set aside.

The respondent Board argues that it took timely action after the writ issued on June 21, 1973, when it learned, unbeknown to all parties in the action and the judge, that the Legislature had amended section 11-203, R.C.M. 1947, by two acts-- Chapter 86, Laws of 1973, which provided that no area could be incorporated within three miles of a presently incorporated area; and Chapter 515, Laws of 1973, stating the petition for incorporation now requires the signatures of 2/3 of the qualified electors against 50 electors under the old Act, a canvas from house to house must be conducted as compared to no specified type of canvas under the old Act; that there must be 150 electors in each of the several wards where no number was required under the old law. All of these changes were made with an effective date of April 4, 1973, on one Act and July 1, 1973, on the other.

From the foregoing, it is seen that Judge Dussault had clearly been unaware of the changes in the law and just as clearly had been incorrect in ordering an election on a moot petition. This, aside from any previous determinations.

The Commissioners moved to dismiss the peremptory writ of mandate under Rule 60(b)(6), M.R.Civ.P. which provides in part that: "On motion * * * the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: * * * (6) any other reason justifying relief from

the operation of the judgment. * * *"

Several issues are set forth for our consideration:

(1) Did the court err in granting an extension of time to the defendants in which to appeal its order of August 10, 1973, and denying respondent Board's motion to quash the order granting such extension by its order of August 24, 1973?

(2) Did the lower court err in making its order of September 18, 1973, suspending the order directing defendants to call a special election as provided for in its order of June 21, 1973?

(3) Did the court err in dismissing the writ of mandate heretofore issued as set forth in its order of September 28, 1973?

The foregoing issues all involve technical time limits and do not embrace a consideration of the correctness of the final decision of the district court. In view of the new law in effect at the time, to hold an election at that time under a petition clearly not valid would be an idle act -- not to say expensive. The law does not require idle acts.

Rule 60(b) (6) M.R.Civ.P., as partially quoted above provides for setting aside a judgment or order within a reasonable time. Certainly under the facts here, within time allowed for an appeal, the time was reasonable. The Commissioners moved to dismiss the peremptory writ of mandate promptly after being advised of the amendments to the controlling statutes.

The appellant here relies on Federal Land Bk. v. Gallatin Co., 84 Mont. 98, 274 P. 288, for the proposition that the Court

- 6 -

will not grant relief for mistakes of law. That case was in 1929, long before the adoption of Rule 60 (b) (6) and is distinguishable in other ways. It does not apply here.

We have reviewed the issues presented and find no merit. Any election held for purposes of incorporation must comply with the law and to order an election now under the old petition would be meaningless. Accordingly, the order appealed from is affirmed and each party will bear their own costs.

_____
Justice

WE CONCUR:

_____
Chief Justice

_____
_____
_____
Justices